# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KHALED QAISI**                :

    Plaintiff,          :  Case No. 2:10-cv-573

    v.                  :  Judge:

**BOB EVANS FARMS INC.**        :  Magistrate:

                        :

    Defendant.

## COMPLAINT
### (Jury Demand Endorsed)

Plaintiff Khaled Qaisi ("Plaintiff Qaisi"), by and through counsel, brings this action against Defendant Bob Evans Farms Inc. ("Defendant Bob Evans") for violation(s) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), of 42 U.S.C. §1981, Ohio Common Law, and for violation(s) of the Ohio Civil Rights Act, §4112 et seq.

**Jurisdiction and Venue**

1. Plaintiff Qaisi's claim(s) for employment discrimination in violation of Title VII and U.S.C. §1981 are brought pursuant to 42 U.S.C. §2000(e) et seq. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

2. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Defendant is located within the geographical boundaries of the Eastern Division of the Southern District of Ohio. Venue is proper pursuant to 28 U.S.C. §1391 and Local Rule 82.1.

**Parties**

4. Plaintiff Qaisi is a Muslim, Arab American of Palestinian origin. He was at all relevant times an "employee" as the term is defined in 42 U.S.C. §2000(e) et seq., 42 U.S.C. §1981, Ohio Common Law and O.R.C. §4112 et seq.

5. Defendant Bob Evans is a corporate entity registered with the Ohio Secretary of State, with its place of business located at 3776 S. High Street, Columbus, Ohio 43207. Defendant Bob Evans was at all relevant times an "employer" as the term is defined in 42 U.S.C. §2000(e) et seq., 42 U.S.C. §1981, Ohio Common Law, and O.R.C. §4112 et seq.

**Administrative History**

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. The EEOC issued Plaintiff a right to sue letter, which was mailed to the Plaintiff on or about March 23, 2010.

**Facts**

8. Plaintiff Qaisi commenced employment with Defendant Bob Evans on or about February, 1997, in Lancaster, Pennsylvania.

9. He was hired for the position of Management Trainee.

10. He was later promoted to the position of Assistant General Manager.

11. He was later given another promotion to the position of General Manager.

12. He was transferred to a Bob Evans restaurant in Columbus, Ohio, on or about 2005.

13. He was later transferred to another Bob Evans restaurant located on Bethel Road, Columbus, Ohio on or around March, 2006.

14. That branch of Bob Evans restaurant on Bethel Road was known as Unit No. 323 ("No. 323").

15. His position at No. 323 was that of a General Manager.

16. Mr. Justin Cox was the Area Director for a number of Bob Evans restaurants, including No. 323.

17. Plaintiff Qaisi and some other General Managers reported to Mr. Justin Cox.

18. Plaintiff Qaisi's immediate supervisor at No. 323 was Mr. Justin Cox.

19. After Plaintiff Qaisi was transferred to No. 323, the unit was given the monthly 'best performing unit' award over eight times during the time No. 323 was managed by Plaintiff Qaisi.

20. Upon information and belief, Mr. Justin Cox had a problem with the fact that Plaintiff Qaisi was a Muslim, an Arab and of Palestinian origin.

21. Mr. Justin Cox mocked the foreign, Arabic origin of Plaintiff Qaisi's name.

22. Mr. Justin Cox, deliberately mispronounced Plaintiff Qaisi's name and repeatedly made fun of his name, during 2006-2008.

23. Mr. Justin Cox also repeatedly mocked Plaintiff Qaisi for being a Muslim who did not drink and who did not go out for drinks with other colleagues during the time Plaintiff Qaisi worked at No. 323.

24. Mr. Justin Cox also repeatedly made fun of and ridiculed Plaintiff Qaisi's foreign accent when he was alone with Qaisi and also in front of other employees during 2006-2008.

25. Mr. Justin Cox on or about 2007, also told Plaintiff Qaisi that he should not prepare food in a way which accommodated the religious preferences of the Muslim clientele of No. 323.

26. Mr. Justin Cox did not have a problem with Plaintiff Qaisi accommodating the special food needs of non-Muslim clients in No. 323.

27. Mr. Justin Cox, during 2006-2008, repeatedly talked down to Plaintiff Qaisi and demeaned him when they were alone and also in front of other employees.

28. Mr. Justin Cox, during 2006-2008, also repeatedly verbally humiliated Plaintiff Qaisi when they were alone and also in front of other employees.

29. Upon information and belief, Mr. Justin Cox humiliated and talked down to Plaintiff Qaisi because of his race, religion, and national origin.

30. Plaintiff Qaisi repeatedly asked Mr. Justin Cox to not mistreat and ridicule him.

31. On or about the first half of 2007, Plaintiff Qaisi brought up to the attention of Mr. Justin Cox, the fact that illegal aliens were being hired at No. 323.

32. When Mr. Justin Cox did not take any action, Plaintiff Qaisi raised the matter of illegal aliens being hired at No. 323 a few more times with Mr. Justin Cox.

33. Mr. Justin Cox told Plaintiff Qaisi not to worry about the hiring of illegal aliens at No. 323.

34. Upon information and belief, Mr. Justin Cox was upset with Plaintiff Qaisi for bringing up the fact that illegal aliens were being hired at No. 323.

35. On or about fall of 2007, Mr. Justin Cox started writing up Plaintiff Qaisi for alleged infractions.

36. None of the similarly situated non-Muslim, non-Arab, and non-Palestinian origin employees of Defendant Bob Evans were written up for similar infractions.

37. On or about July 5, 2008. Mr. Justin Cox terminated the employment of Plaintiff Qaisi.

38. Upon information and belief, both the write ups and the termination by Mr. Justin Cox were a pretext for retaliating against Plaintiff Qaisi as he had complained about the issue of hiring of illegal aliens.

39. Upon information and belief, both the write ups and the termination by Mr. Justin Cox were a pretext for terminating Qaisi's employment because he was Muslim, Arab and of Palestinian origin.

### GROUNDS FOR RELIEF

**First Cause of Action:  Race, Religion, National Origin Discrimination under Title VII**

40. Plaintiff hereby incorporates Paragraphs 1-39 above, as if fully rewritten herein.

41. Title VII prohibits employers from discriminating against employees on the basis of race, religion, and national origin.

42. Plaintiff Qaisi was subjected to various adverse employment decisions by Defendant Bob Evans based on his race, religion, and national origin, including :

    a. Creating a hostile work environment for the Plaintiff;

    b. Treating Plaintiff Qaisi differently than other non-Muslim, non-Arab, non-Palestinian origin employees in the terms and conditions of employment, including, but not limited to, writing up Plaintiff for various alleged infractions;

    **c.** Terminating Plaintiff's employment because he was Muslim, Arab and of Palestinian origin.

## Second Cause of Action:  Race, Religion, National Origin Discrimination under (O.R.C. §4112 et. seq.)

43. Plaintiff here incorporates Paragraphs 1-39 above, as if fully written herein.

44. O.R.C. 4112 prohibits employers from discriminating against employees on the basis of race, religion, and national origin.

45. Plaintiff Qaisi was subjected to various adverse employment decisions by Defendant Bob Evans based on his race, religion, and national origin, including :

    a. Creating a hostile work environment for the Plaintiff;

    b. Treating Plaintiff Qaisi differently than other non-Muslim, non-Arab, non-Palestinian origin employees in the terms and conditions of employment, including, but not limited to, writing up Plaintiff for various alleged infractions;

    c. Terminating Plaintiff's employment because he was Muslim, Arab and of Palestinian origin.

**Third Cause of Action: Race Discrimination under 42 U.S.C. §1981**

46. Plaintiff here incorporates Paragraphs 1-39 above, as if fully written herein.

47. 42 U.S.C. §1981 prohibits employers from discriminating against employees on the basis of race.

48. Plaintiff Qaisi was subjected to various adverse employment decisions by Defendant Bob Evans because of his race, including:

    a. Creating a hostile work environment for the Plaintiff;

    b. Treating Plaintiff Qaisi differently than other non-Arab, employees in the terms and conditions of employment, including, but not limited to, writing up Plaintiff for various alleged infractions;

    c. Terminating Plaintiff's employment because he was an Arab.

**Fourth Cause of Action:  Ohio Public Policy Tort**

49. Plaintiff here incorporates Paragraphs 1-39 above, as if fully written herein.

50. Ohio Common Law prohibits employers from terminating employees or creating adverse conditions of employment when it violates Ohio Public Policy.

51. Plaintiff Qaisi repeatedly complained about the hiring of illegal aliens by Bob Evans to his immediate supervisor.

52. Bob Evans retaliated against the Plaintiff for complaining about the hiring of illegal aliens by writing him up for various alleged infractions and then terminating his employment.

53. Bob Evans committed a public policy tort under Ohio Common Law by retaliating against the Plaintiff for complaining about the hiring of illegal aliens.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Honorable Court enter judgment in his favor and against Defendant on each and every count in this complaint, and enter an order awarding the following relief:

   a. Compensation for all economic damages, including back pay, front pay and lost benefits;

   b. Compensation for all non-economic damages, including emotional harm;

c. Reinstatement (in lieu of front pay);

d. Attorney's fees and costs of this action;

e. Punitive damages; and

f. All other legal and equitable relief this Court deems appropriate.

Respectfully submitted,

s://Romin Iqbal
ROMIN IQBAL (0080146)
CAIR-OHIO
1505 Bethel Road, Suite 200
Tel:  (614) 783-7953
Fax:  (614) 451-3222
E-mail: rominiqbal@yahoo.com
*TRIAL COUNSEL*

And

s://Jennifer Nimer
JENNIFER NIMER (0079475)
CAIR-OHIO
1505 Bethel Road, Suite 200
Tel:  (614) 451-3232
Fax:  (614) 451-3222
E-mail: jnimer@cair.com
*CO-COUNSEL*

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands that each of his claims be tried to a jury.

s:// Romin Iqbal
ROMIN IQBAL (0080146)

## CERTIFICATE OF SERVICE

A copy of this complaint was electronically filed with the US District Court, Eastern Division, Southern District of Ohio, on June 21, 2010.

                                       s://Romin Iqbal
                                       ROMIN IQBAL (0080146)
                                       CAIR-OHIO
                                       1505 Bethel Road, Suite 200
                                       Tel:   (614) 783-7953
                                       Fax:   (614) 451-3222
                                       E-mail: rominiqbal@yahoo.com